### ADELMAN v. FENNELL et al.

(Supreme Court, Appellate Term. November 10, 1911.)

PLEADING (§ 369*)—CAUSES OF ACTION—ELECTION—WITHDRAWAL.

Where plaintiff, having stated a cause of action against defendants individually and as executors, was compelled at the trial to elect whether she would proceed against the defendants individually or in their representative capacity, the court erred, on motion to dismiss because no cause of action had been made out against defendants as executors, in permitting plaintiff to withdraw her election and to revive the action against defendants individually.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 369.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mary Adelman against Frederick Fennell and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

James B. Henney (Frederick Mellor, of counsel), for appellants.
Louis Diamant (Isaac Siegel, of counsel), for respondent.

GUY, J. Defendants appeal from a judgment in favor of plaintiff, rendered in an action brought to recover damages for personal injuries.

The action was brought against the defendants individually and as executors. At the opening of the trial defendants moved that plain-

tiff be compelled to elect whether she would proceed against the defendants individually or as executors, and plaintiff's counsel, without objection, stated that on behalf of the plaintiff he elected to proceed against the defendants as executors, and not individually. The trial then proceeded, and at the conclusion of plaintiff's case a motion was made to dismiss the complaint, which was denied, and an exception taken.

Defendants' counsel then introduced testimony on behalf of the defendants as executors, and at the conclusion of the case renewed his motion to dismiss the complaint, on the ground that no cause of action had been made out against the defendants as executors. Plaintiff's counsel then asked leave to withdraw the election made at the opening of the case, and to be allowed to proceed against the defendants individually, which application was granted against defendants' objection and exception; the defendants claiming surprise, and that by plaintiff's election at the beginning of the trial defendants had lost the right to move to amend the answer, so as to set up certain additional defenses to an action against the defendants individually.

Permitting plaintiff to withdraw her election and to revive the action against the defendants individually, after the conclusion of the trial against the defendants as executors, was an irregularity, prejudicial to the defendants, and constituted reversible error.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.